William F. Videlange v. The State.

No. 7971.  Decided December 19, 1923.

Rehearing denied January 23, 1924.

1.—Gaming—Transcript—Practice on Appeal.

Where the State's motion to dismiss the appeal is not supported by the record upon the question of delivering the transcript, the same is overruled.

2.—Same—Requested Charges.

Upon trial of running a gambling house the requested charges by the defendant were correctly refused as they were not applicable to the facts in the case.

3.—Same—Charge of Court—Requested Charges.

Where, upon trial of gambling, the Court's charge presented the law of the case, this Court is unable to perceive any more affirmative presentation of any defensive theory in the requested charges and they were properly overruled.

4.—Same—Rehearing—Requested Charge.

Where defendant's requested charge number one was submitted to the jury and presented the theory of the accused, there was no need to repeat it by giving requested charge number 4, and the motion for rehearing is overruled.

Appeal from the District Court of Brazoria. Tried below before the Honorable M. S. Munson.

Appeal from a conviction of running a gambling house; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*H. G. Hart,* for appellant. Cited Johnson v. State, 249 S. W. Rep., 1072.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Brazoria County for running a gambling house, and his punishment fixed at two years in the penitentiary.

There is a motion by the State to dismiss the appeal based on the proposition that the transcript in this case was delievered to appellant's attorney and by him brought to this court, and that same was not transmitted through the mails as required by law. We find nothing in the record supporting this motion. The papers appear to have been filed in this court by its clerk on the 15th of June, 1923, and as far as the court knows from anything authoritative, it came to this court through regular channels.

There are no bills of exception in the record. Appellant asked four special charges, one of which was given. Another was a request for a peremptory instruction of not guilty, which was correctly refused. Another sought to have the jury told that a conviction could not be had unless the room wherein the alleged gambling took place was the property of the accused and no one else and was solely under his control. Such charge was improper, it being averred in the indictment that the appellant did then and there unlawfully keep and was then and there interested in keeping a building and room there situate for the purpose of being used as a place to bet and wager and gamble with dice then and there played, etc. While the evidence in this case apparently shows the appellant alone to be interested in maintaining and keeping said premises, the charge referred to does not present a correct principle of law applicable to the offense as charged in the indictment, and it was correctly refused. Appellant asked a special charged in substance that the gravamen of the offense charged consisted in the intention on the part of the person controlling the premises to conduct a gambling resort, and that appellant could not be convicted notwithstanding the jury might believe that games with dice were unlawfully engaged in upon the premises of the defendant and with his connivance and consent, etc. The charge of the court contained the following:

"Now if you believe . . . that the defendant . . . did then and there unlawfully keep and was then and there interested in keeping a building and room there situate for the purpose of being

used as a place to bet and wager and gamble with dice then and there played, then you will find the defendant guilty as charged in the second count of said indictment and assess his punishment at confinement in the penitentiary for any term of years not less than two nor more than four years.

If you do not so believe from the evidence beyond a reasonable doubt you will acquit the defendant.''

In our opinion this presented the law of the case and we are unable to perceive any more affirmative presentation of any defensive theory in the special charge referred to. The jury could only have inferred from this that the point at issue was whether the accused kept and was interested in keeping a building and room for the purpose of being used as a place to bet and wager at dice.

Appellant made an application for continuance but same is not brought forward by a bill of exceptions and, therefore, can not be considered by us. Other matters complained of present no error.

Finding no eror in the record, an affirmance will be ordered.

*Affirmed.*

ON REHEARING.

January 23, 1924.

LATTIMORE, Judge.—Appellant insists that we should have held erroneous the refusal of his special charge No. 4 which he asserts presented affirmatively his defensive theory. In addition to what we have already said, and as supporting our conclusion that the law was full charged, we note that appellant's special charge No. 1 was given, which is as follows:

''Gentlemen of the Jury: You are instructed that you cannot convict the defendant for playing dice in the room testified about by the witnesses, but you must believe, beyond a reasonable doubt, that the defendant unlawfully kept said room or was interested in the keeping of said room to be used for the purpose, as a place to bet, wager or gamble with dice.''

This presented the theory of the accused. There was no need to repeat it by the giving of special charge No. 4.

The motion for rehearing will be overruled

*Overruled.*